**Affirmed and Opinion filed April 7, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00252-CV

---

### BARRE MORRIS, Appellant

### V.

### VICTORIA BARRIENTES O'NEAL, Appellee

---

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2013-25276**

---

### O P I N I O N

Appellant Barre Morris filed a bill of review in the trial court seeking to set aside a judgment nunc pro tunc on the ground that the judgment is void because it allegedly corrected a judicial error, rather than a clerical error, after the expiration of the trial court's plenary power. The trial court summarily denied the bill of review. Morris asserts that the trial court committed procedural error in

considering the bill of review as well as substantive error in the judgment. We affirm.

Appellee Victoria O'Neal filed a petition to modify in a suit affecting the parent-child relationship. The parties entered into a mediated settlement agreement in August 2011 to resolve the matter. On November 7, 2011, the trial court signed a final order modifying possession of and access to the minor child and related issues (hereinafter, "original final order").

In February 2012, O'Neal filed a motion with the trial court for judgment nunc pro tunc. The basis for O'Neal's motion was that the original final order signed by the trial court omitted terms regarding long-distance access and visitation, which O'Neal stated was the central reason for the parties' mediated agreement. The record is unclear as to what activity may have occurred before the trial court in connection with O'Neal's motion, and the parties dispute key details. What is clear is that the trial court signed on April 12, 2012 a judgment nunc pro tunc on the same petition to modify. The judgment nunc pro tunc included the terms for long-distance access and visitation that O'Neal cited as having been omitted from the original final order. The judgment nunc pro tunc also omitted certain other terms that were contained in the original final order.

One year later, in April 2013, Morris filed a verified petition for bill of review, seeking to set aside the April 2012 judgment nunc pro tunc. Morris alleged that the judgment nunc pro tunc corrected a judicial error with the court's original final order after the expiration of the trial court's plenary power, and therefore was void. Morris also alleged the absence of any fault or negligence on his part, stating he did not find out about the judgment nunc pro tunc until after the time for appeal

had expired. Morris attached a certified copy of the judgment nunc pro tunc to his petition.

The record once again is unclear as to what activity occurred before the trial court in connection with Morris' bill of review, and the parties again dispute key details. The record does reveal that both parties filed bench briefs with the trial court on whether the judgment nunc pro tunc is void. In February 2014, the trial court issued a letter informing the parties that the court was denying the bill of review. On March 6, 2014, the trial court signed the order denying Morris' bill of review. Neither the trial court's letter nor the order includes any explanation for the trial court's decision.

## ANALYSIS

### *General Standards Regarding Bills of Review*

"A bill of review is an equitable proceeding to set aside a prior judgment that no longer can be challenged by a motion for a new trial or by direct appeal." *In re A.A.S.*, 367 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2012, no pet.). It is brought as a separate suit from the case in which the challenged judgment was rendered. *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied). To be entitled to relief, a bill of review petitioner ordinarily must plead and prove three elements: (1) the petitioner has a meritorious defense to the underlying cause of action; (2) the petitioner was prevented from making that defense by the fraud, accident, or wrongful act of the opposing party, or because of official mistake; and (3) these actions were unmixed with any fault or negligence on the part of the petitioner. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).[1] However, where, as here, the petitioner

---

[1] Where a bill of review is premised on a lack of service of process or notice, such as
(continued)

3

participated in the underlying suit, the petitioner must demonstrate a meritorious ground for appeal instead of a meritorious defense. *Cannon v. TJ Burdett & Sons Recycling*, No. 01-08-00380-CV, 2009 WL 276797, *4 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.); *Eastin v. Dial*, 288 S.W.3d 491, 497–98 (Tex. App.—San Antonio 2009, pet. denied); *see also Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974) (quoting *Overton v. Blum*, 50 Tex. 417, 426 (1878)).

In a typical case, a bill of review is considered under a two-step inquiry. *Boateng v. Trailblazer Health Enters., L.L.C.*, 171 S.W.3d 481, 487–88 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).[2] In the first step, the court determines as a pre-trial matter whether the petitioner has presented prima facie proof of a meritorious defense (or, as is applicable here, a meritorious ground for appeal). *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979); *see also Beck v. Beck*, 771 S.W.2d 141, 141–42 (Tex. 1989); *Boateng*, 171 S.W.3d at 488. If the petitioner does not establish prima facie proof, the court should dismiss the case. *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 409; *Boateng*, 171 S.W.3d at 488. If, by contrast, the petitioner does establish prima facie proof, then the court should proceed with a trial on the merits of the petition. *Beck*, 771 S.W.2d at 142; *Baker*, 582 S.W.2d at 409; *Boateng*, 171 S.W.3d at 488. It is not necessary, despite this two-step inquiry, for the trial court to conduct a separate hearing in determining whether the petitioner has presented prima facie proof of a meritorious defense or ground of appeal. *Boateng*, 171 S.W.3d at 488; *Ortmann v. Ortmann*, 999 S.W.2d

---

where the petitioner is seeking to set aside a default judgment, the petitioner is relieved of having to prove the first two elements. *See Caldwell*, 154 S.W.3d at 96–97; *see also Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam).

[2] The two-step inquiry is not applicable where a party is relieved from having to prove the first two elements. *See Caldwell*, 154 S.W.3d at 97.

85, 88 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Ramsey v. State*, 249 S.W.3d 568, 576 (Tex. App.—Waco 2008, no pet.) ("The *Baker* pretrial hearing is a 'suggested procedure' which a trial court may choose not to employ.").

"We review the denial of a bill of review under an abuse of discretion standard." *Grant v. Wilson*, No. 14-11-00320-CV, 2012 WL 170873, *1 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (mem. op.). "The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles." *Id.* But the "[d]etermination of whether a bill-of-review petitioner has made a prima facie showing of a meritorious claim or defense is a question of law we review *de novo*." *Alexander v. Johnson*, No. 14-08-00778-CV, 2010 WL 11201, *2 (Tex. App.—Houston [14th Dist.] Jan. 5, 2010, no pet.) (mem. op.); *see also Baker*, 582 S.W.2d at 408–09 (noting that whether the petitioner has presented a prima facie meritorious defense "is a question of law for the court"); *Cannon*, 2009 WL 276797 at *3 ("When the inquiry on the bill of review concerns questions of law, such as whether an appellant presented prima facie proof of a meritorious ground of appeal, we review the trial court's decision de novo.").

### *Morris Failed to Preserve the Asserted Procedural Errors for Review*

In his first issue, Morris claims the trial court erred by denying him an evidentiary hearing or, in the event the court concluded that Morris failed to present prima facie proof of a meritorious ground for appeal in his petition, by denying him the opportunity to amend his pleadings. The record before this court, however, does not demonstrate that Morris ever raised these purported errors in procedure to the trial court. Specifically, there is no reporter's record of any hearing before the trial court (and, consequently, no record of any oral objections

Morris may have made), and the clerk's record does not contain any written motions filed by Morris asserting a procedural defect.

As a prerequisite to this court's review, the record must show that the appellant raised the matter complained of to the trial court in the form of a timely request, objection, or motion. Tex. R. App. P. 33.1(a); *Lewis v. Tex. Emp'rs Ins. Ass'n*, 246 S.W.2d 599, 600 (Tex. 1952) ("Ordinarily a procedural error must be preserved by timely action by the party complaining. This is true because a trial judge can usually correct his procedural errors if they are brought to his attention."). Even if Morris did not know that his bill of review would be denied without (as he claims) an evidentiary hearing or opportunity to amend his petition prior to the trial court's letter and subsequent final judgment, the record does not contain any indication that Morris raised his procedural complaints to the trial court once the court's rendition became apparent. Without taking such action, Morris failed to preserve his procedural complaints for this court's review. *See Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (per curiam) (holding party failed to preserve error where counsel believed he was appearing only for a preliminary hearing and not a full trial, but counsel failed to move for a continuance or otherwise object); *Boateng*, 171 S.W.3d at 491 (holding parties preserved error where they filed a motion for new trial after the trial court retroactively converted a preliminary hearing into a trial on the merits). Therefore, Morris has waived error, and we accordingly overrule his first issue.

### Morris Failed to Present Prima Facie Proof of a Meritorious Ground for Appeal

In his second issue, Morris argues the trial court erred in denying his bill of review on the merits. Because of the procedural ambiguity in the record, it is unclear whether the trial court denied the bill of review based solely on the preliminary determination of whether Morris presented prima facie proof of a

meritorious ground for appeal, or instead whether the court's decision was based on other factors. *Cf. Ramsey*, 249 S.W.3d at 577 ("A bill-of-review . . . may not be summarily dismissed for a reason other than the failure to make a prima facie showing of a meritorious claim or defense."). We need not resolve this procedural ambiguity, however, because we conclude that Morris failed to present the required prima facie proof.

In order for Morris to be entitled to relief on his bill of review, he must present prima facie proof of a meritorious ground for appeal. *See, e.g., Baker*, 582 S.W.2d at 408–09; *Cannon*, 2009 WL 276797 at *4; *Ortmann*, 999 S.W.2d at 87–88. "A meritorious ground of appeal is one that, had it been presented to the appellate court as designed, might, and probably would, have caused the judgment to be reversed." *Cannon*, 2009 WL 276797 at *4.

Morris claimed as his meritorious ground that the trial court's judgment nunc pro tunc is void because it corrected a judicial error after the expiration of the court's plenary power. A trial court "has plenary power to . . . vacate, modify, correct, or reform [its] judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d); *see also Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days." *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also* Tex. R. Civ. P. 329b(c), (e), (g).

"On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . . ." Tex. R. Civ. P. 329b(f); *see also Rawlins*, 324 S.W.3d at 855. However, a trial court "may at any time correct a clerical error in the record of

a judgment and render judgment nunc pro tunc under Rule 316." Tex. R. Civ. P. 329b(f); *see also* Tex. R. Civ. P. 316 ("Clerical mistakes in the record of any judgment may be corrected by the judge . . . ."); *Rawlins*, 324 S.W.3d at 855. Therefore, a trial court may issue a judgment nunc pro tunc following the expiration of its plenary power to correct a clerical error made in entering a final judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A trial court may not issue a judgment nunc pro tunc following the expiration of its plenary power to correct a judicial error made in rendering a final judgment. *Id.*

"A judgment rendered to correct a judicial error after plenary power has expired is void." *Rawlins*, 324 S.W.3d at 855; *see also Custom Corporates*, 207 S.W.3d at 838 ("Orders issued outside of a trial court's plenary power are typically void, because a court no longer has jurisdiction to act once its plenary power has expired."). "While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *see also* Tex. R. Civ. P. 329b(f) ("[T]he court may at any time . . . sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired."). Therefore, Morris' asserted meritorious ground for appeal is premised on a valid legal theory.

However, the invocation of a facially valid legal theory is not itself sufficient to satisfy a bill of review petitioner's burden. In describing the two-step inquiry, the Supreme Court of Texas stated that a petitioner "must [ ] allege, with particularity, sworn facts sufficient to constitute defense *and*, as a pretrial matter, *present prima facie proof to support* the contention." *Baker*, 582 S.W.2d at 408 (emphasis added). "Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence

that the trial court may receive in its discretion." *Id.* at 409; *see also Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party.") (internal citations and quotations omitted).

The only evidence the record indicates Morris presented to the trial court was a certified copy of the judgment nunc pro tunc, which was attached as an exhibit to Morris' petition for bill of review. Morris did not present a copy of the trial court's original final order either with his petition or subsequent bench brief, which would be necessary to demonstrate the interval of time and substantive changes between orders to raise the possibility that the judgment nunc pro tunc was void. Although Morris did reference certain details about the original final order in his petition and bench brief, such statements do not qualify as evidence. *See United States v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997) ("[A]n attorney's unsworn statements are not evidence . . . ."); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified.").

Also, the record does not indicate that Morris sought to have the trial court take judicial notice of the original final order, which, because bill of review proceedings are independent, is part of the record of a different case. *See McDaniel v. Hale*, 893 S.W.2d 652, 673–74 (Tex. App.—Amarillo 1994, writ denied) (op. on reh'g by Pope., J., with Reynolds, C.J. and Boyd, J., concurring) (concluding bill of review petitioners were not able to demonstrate a meritorious ground of appeal where they did not request the trial court take judicial notice of the underlying

trial); *see also Petro-Chem.*, 514 S.W.2d at 246 (stating bill of review petitioner "should set out in his petition with some particularity the errors he claims were committed against him in the trial and disposition of the original suit" and that "[h]e should also introduce the transcript, and the statement of facts where needed in the consideration of the alleged errors, in the original suit").

This court is aware of the specifics of the trial court's original final order only because Morris requested its inclusion as a supplement to the clerk's record. *See* Tex. R. App. P. 34.5(c). We decline to consider evidence not before the trial court when it determined whether Morris had presented prima facie proof of a meritorious ground for appeal. *See Felt v. Comerica Bank*, 401 S.W.3d 802, 805–06 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("We do not consider this evidence because it was not before the trial court . . . ."); *Smith v. City of League City*, 338 S.W.3d 114, 123 n.6 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (declining to base analysis on evidence filed with the court in post-submission briefing).

The only evidence the record indicates Morris presented to the trial court in support of his bill of review is the certified copy of the judgment nunc pro tunc. This document alone does not constitute prima facie proof to support Morris' contention that the judgment nunc pro tunc is void, because it does not provide details about the original final order.[3] Accordingly, the trial court did not err when it denied Morris' bill of review. We overrule Morris' second issue.

---

[3] Morris asserts in his brief to this court that he was denied due process because he did not have notice of the judgment nunc pro tunc. He does not argue, however, that he is relieved from satisfying certain bill of review elements because of this purported lack of notice. But even assuming that Morris' petition for bill of review could be construed as being premised on a due process violation for lack of notice, his entitlement to relief would be conditioned on his proving the third element (lack of fault or negligence). *See Caldwell*, 154 S.W.3d at 97–98. The record

(continued)

10

***Morris Has Not Demonstrated that the Judgment Nunc Pro Tunc is Void***

In his third issue, Morris argues that notwithstanding issues related to his bill of review, the trial court should have set aside the judgment nunc pro tunc because it is a void order. Were we to evaluate Morris' petition separate and apart from the bill of review standards, we cannot conclude that the trial court erred because Morris did not conclusively demonstrate that the judgment nunc pro tunc is void.

"The party collaterally attacking the judgment bears the burden of demonstrating that the judgment under attack is void." *Edmiston v. Harris County*, No. 14-11-00608-CV, 2012 WL 3612436, *6 n.2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, no pet.) (mem. op.) (quoting *Kendall v. Kendall*, 340 S.W.3d 483, 503 (Tex. App.—Houston [1st Dist.] 2011, no pet.)); *see also Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994) ("In a collateral attack, the judgment under attack is presumed valid."). As discussed in the preceding section, Morris did not present the trial court with the original final order or request the court take judicial notice of that order. Evidence of the date of issuance of the original final order and its contents is necessary to raise the possibility that the judgment nunc pro tunc is void.

Even if we were to consider as evidence the original final order included as a supplement to the clerk's record in this appeal, we still cannot conclude that the judgment nunc pro tunc is void, because there is an unresolved question of fact on whether the trial court rendered judgment on O'Neal's petition to modify prior to signing the original final order. As noted above, a trial court may issue a judgment nunc pro tunc after the court's plenary power has expired in order to correct a

---

does not reveal that Morris presented any evidence to support his contention that he was unaware of the judgment nunc pro tunc.

clerical error, but it may not issue a judgment nunc pro tunc after expiration of its plenary power to correct a judicial error. "The salient distinction between 'clerical' and 'judicial' errors lies in the exercise of the judgmental offices of the court." *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination." *Rawlins*, 324 S.W.3d at 855. "A judicial error, however, is an error arising from a mistake of law or fact that requires judicial reasoning or determination to correct." *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

"[T]he decision whether an error in a judgment is judicial or clerical is a question of law." *Escobar*, 711 S.W.2d at 232. But "[t]he judicial or clerical question becomes a question of law only after the trial court factually determines whether it previously rendered judgment and the judgment's contents." *Id.*; *see also In re Rollins Leasing Inc.*, 987 S.W.2d 633, 636 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) ("What judgment was actually rendered is a question of fact that must be answered first."). In the record before this court, there is no explicit determination by the trial court of whether the court rendered judgment on O'Neal's petition to modify prior to signing the original final order.

Morris argues that there is no evidence in the record of a rendition prior to the original final order or the contents of any prior rendition, and, therefore, the original final order is presumptively the only rendition. "[A] judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002). O'Neal attached as an exhibit to her bench brief to the trial court a printout of the Harris County District Clerk's

12

docket summary for the underlying litigation, which contains a notation for August 23, 2011 reading: "JUDGMENT RENDERED BY COURT AFTER TRIAL (NON-JURY)." August 23, 2011 is the same date the parties' mediated settlement agreement is date-stamped as having been filed with the trial court. Evidence of a prior rendition "may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection." *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Therefore, although the information provided by O'Neal is not conclusive, it does suggest the possibility of a rendition by the trial court prior to the signing of the original final order.

Morris further cites to a merger clause in the original final order as supporting his assertion that there is no prior rendition. But the merger clause merely reflects a stipulation by the parties that in the event of any differences between the mediated settlement agreement and the order, then the order would control. That does not answer the question of whether the trial court made a prior rendition, particularly since the court did not sign the parties' agreement and any prior rendition may have been oral. *See Escobar*, 711 S.W.2d at 232 ("[W]hether the court pronounced judgment orally and the terms of the pronouncement are questions of fact."). Because we do not know whether there was a prior rendition of judgment by the trial court preceding the original final order or the substance of any such rendition, we are unable to determine whether the judgment nunc pro tunc made judicial or clerical modifications to the terms of the original final order.

The record before this court does not conclusively establish that the trial court's judgment nunc pro tunc is void. Therefore, we overrule Morris' third issue.

## CONCLUSION

Having overruled all of appellant's issues presented, we affirm the judgment of the trial court.

/s/   Marc W. Brown
Justice

Panel consists of Justices Jamison, Busby, and Brown.