**AFFIRM; and Opinion Filed July 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00609-CV

### STEPHEN AARON BERGENHOLTZ, Appellant
### V.
### JOSEPHINE DONNA ESKENAZI, Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-00117-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Brown and Stoddart
Opinion by Justice Brown

Stephen Aaron Bergenholtz (Husband) filed a petition for bill of review seeking to set aside a modified final decree of divorce. Josephine Donna Eskenazi (Wife) filed a motion to dismiss the bill of review. The trial court dismissed Husband's bill of review, citing Husband's failure to exercise due diligence in pursuing all available legal remedies against the judgment. In three issues, Husband contends the trial court erred in dismissing his petition. For reasons that follow, we affirm the trial court's order dismissing the bill of review.

Wife filed for divorce. The parties eventually entered into an Agreement Incident to Divorce (AID), which divided the marital estate and named the parties joint managing conservators of their two children. An October 20, 2009 agreed decree of divorce incorporated the parties' agreement. In January 2010, the court modified the agreed final decree. Husband appealed the modified decree, generally asserting the trial court improperly modified the agreed

property division at Wife's request. While the appeal was pending, Husband and Wife entered into a Settlement Agreement which purported to be a complete and final compromise of their dispute over the division of their assets. The agreement set a sliding scale for payment of the cash settlement awarded to Wife in the decree. Husband could pay different amounts, less than or equal to the original amount, depending on how soon he paid. One of the terms of the agreement was that Husband would move to dismiss his pending appeal in this Court. On July 14, 2011, the trial court held a hearing and approved the parties' Settlement Agreement. The agreement was filed with the court as a rule 11 agreement. Husband filed an unopposed motion to dismiss his appeal. We granted the motion and dismissed the appeal. *See Bergenholtz v. Bergenholtz*, No. 05-10-00478-CV, 2011 WL 3484802, at *1 (Tex. App.—Dallas Aug. 10, 2011, no pet.) (mem. op.).

Over two years later, on January 16, 2014, Husband filed his pro se original petition for bill of review. He amended his petition twice, and his live pleading is ninety-one pages long. Husband contended Wife intentionally concealed the true nature of the assets divided in the divorce and denied him a just and right division of the true value of the community estate. He alleged Wife committed fraud by failing to disclose bank accounts, cash, and the true and correct value of certain assets. Husband asserted he learned of Wife's extrinsic fraud in March 2012 and that the fraudulent acts compelled him to enter into the agreed decree and the July 2011 Settlement Agreement. Husband asked the court to set aside the modified final decree of divorce as well as the Settlement Agreement. Husband supported his bill of review with his own affidavit and the affidavit of a certified public accountant.

Wife filed a motion to dismiss the bill of review. The motion asked the court to dismiss the bill of review under rule of civil procedure 91a. In the motion, Wife asserted various reasons the motion should be granted, including that Husband failed to plead at least one meritorious

defense, failed to establish extrinsic fraud, and failed to establish that he was not negligent or at fault. Wife further alleged that Husband permitted the underlying judgment to become final by failing to appeal and thus he was not entitled to relief by bill of review.[1] She also asserted Husband's action had no basis in law or fact.

The trial court held a hearing on the motion to dismiss at which it heard the argument of the parties. Wife argued that Husband was not permitted to seek bill-of-review relief because he had not exhausted his legal remedies as he had filed an appeal and dismissed it. Husband argued that the division of property was not just and equitable because there were assets he did not know about until 2012. The trial court orally granted the motion to dismiss. That same day, the trial court signed an order dismissing Husband's bill of review with prejudice. The order stated that Husband "is not entitled to relief from a Bill of Review for the reason that [he] did not exercise due diligence in pursuing all available legal remedies against the judgment." This appeal followed.[2]

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or an appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). A bill of review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, or if applicable, a meritorious ground for appeal; (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing

---

[1] In her motion to dismiss, Wife referred to the wrong appellate cause number in making this argument. She cited cause number 05-10-00078-CV, which was an appeal from the original divorce decree, before the court modified it. Husband notified us that he wished to withdraw that notice of appeal, and we dismissed the appeal. *In re Marriage of Bergenholtz*, No. 05-10-00078-CV, 2010 WL 1224736, at *1 (Tex. App.—Dallas 2010, no pet.) (mem. op.).

[2] Husband is represented by counsel in this appeal. Wife did not file an appellee's brief.

party or by official mistake, (3) unmixed with any fault or negligence on the plaintiff's part. *Transworld*, 722 S.W.2d at 407; *see Morris v. O'Neal*, No. 14-14-00252-CV, 2015 WL 1622184, at \*2 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, no pet.) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979)). If the petitioner establishes prima facie proof of a meritorious defense, the court should proceed with a trial on the merits of the petition. *In re L.N.M.*, 182 S.W.3d 470, 474 (Tex. App.—Dallas 2006, no pet.) (determination of whether prima facie meritorious defense has been made out is question of law for trial judge).

The third bill-of-review element, lack of fault or negligence, requires a party to show that it diligently pursued all adequate legal remedies against a former judgment. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam); *see Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). If legal remedies were available, but ignored, relief by equitable bill of review is unavailable. *Wembley*, 11 S.W.3d at 927; *see Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) ("If a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence."). Further, a bill of review may not be used as an additional remedy after one has made a timely but unsuccessful appeal. *McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied). We review the trial court's denial of a bill of review under an abuse of discretion standard. *Morris*, 2015 WL 1622184, at \*2.

Here, Wife's motion to dismiss purported to be based on rule of civil procedure 91a. At the outset, we address Husband's contention in his first and second issues that the trial court erred in granting Wife's motion because rule 91a is not applicable in family law proceedings.[3] Rule 91a, which went into effect on March 1, 2013, provides for the dismissal of baseless causes

---

[3] The trial judge orally granted the motion to dismiss. Its written order incorrectly stated, however, that "The motion should be denied." The order granted the relief Wife requested in her motion, dismissal of Husband's bill of review, and thus accurately reflects the judgment actually rendered.

of action. Under the rule, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. A court may not consider evidence in ruling on such a motion and must decide the motion based solely on the pleading of the cause of action. *Id.* 91a.6. A party may not move to dismiss a case brought under the family code on rule 91a grounds. *Id.* 91a.1.

An ordinary motion to dismiss is an appropriate vehicle by which to attack a bill of review. *See, e.g., Bevering v. Bevering ex rel. Bevering*, 401 S.W.3d 293, 296 (Tex. App.—San Antonio 2013, pet. denied) (defendant filed motion to dismiss bill of review on grounds petitioner did not present prima facie proof of bill-of-review requirements). Although Wife's motion mentioned rule 91a and asserted as one basis for dismissal that Husband's action had no basis in law or fact, on whole, the substance of the motion addressed whether Husband met the pleading and proof requirements for his bill of review. As stated above, she asserted that Husband failed to plead a meritorious defense, failed to establish extrinsic fraud, and failed to establish he was not negligent or at fault.

At the hearing, there was some discussion of the applicability of rule 91a. The trial court indicated it thought the rule applied because a petition for bill of review was a new civil lawsuit. Yet it is clear the court ultimately did not treat the motion to dismiss as a rule 91a motion. Both the written order and the judge's comments at the hearing on the motion to dismiss indicate the reason the motion was granted was because the judge concluded Husband was not entitled to pursue a bill of review because he dismissed his appeal of the divorce decree. The court therefore did not decide Wife's motion to dismiss based solely on Husband's pleadings, as rule 91a mandates. *See* TEX. R. CIV. P. 91a.6. Further, the trial court did not award Wife her costs and attorney's fees, as rule 91a requires. *See id.* 91a.7. In summary, a motion to dismiss can be used to attack a bill of review; Wife's motion to dismiss challenged whether Husband met the

substantive requirements for bill-of-review relief, and the trial court did not treat the motion as a rule 91a motion. Under these circumstances, we do not find it necessary to the disposition of this appeal to consider whether a rule 91a motion to dismiss can be used to attack a bill of review when the underlying judgment is a divorce decree, and we express no opinion on the subject. We overrule Husband's first and second issues.

We turn to Husband's third issue in which he contends that, if rule 91a applies, his bill of review does not lack basis in law or fact. He argues his petition did not lack basis in law or fact because he established a meritorious defense or ground for appeal – that the property division would have been different but for Wife's fraudulent concealment of assets. Because we have concluded the trial court did not decide Wife's motion on rule 91a grounds, this issue lacks merit. Further, there is nothing in the record to indicate the trial court considered whether Husband proved a prima facie case of a meritorious defense or ground for appeal. The trial court ruled in Wife's favor on the basis of the third bill-of-review element, lack of fault or negligence. In this appeal, Husband never asserts the trial court erred in determining that he failed to exercise due diligence in pursuing all legal remedies against the judgment. He thus has not challenged the actual basis for the trial court's order. We overrule Husband's third issue.

We affirm the trial court's order dismissing the bill of review.


/Ada Brown/
ADA BROWN
JUSTICE

140609F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN AARON BERGENHOLTZ,
Appellant

No. 05-14-00609-CV     V.

JOSEPHINE DONNA ESKENAZI,
Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-00117-2014.
Opinion delivered by Justice Brown. Chief
Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's April 14, 2014 order dismissing the bill of review.

It is **ORDERED** that appellee JOSEPHINE DONNA ESKENAZI recover her costs of this appeal from appellant STEPHEN AARON BERGENHOLTZ.

Judgment entered this 23rd day of July, 2015.