# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00487-CV

**Carroll Ned McElwrath, Appellant**

**v.**

**Valerie McElwrath, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CV35,624, HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carroll Ned McElwrath appeals from the trial court's judgment denying his petition for bill of review following the trial court's issuance of a qualified domestic relations order (QDRO) concerning division of Ned's federal civil service retirement benefits.[1]  Ned challenged the order on the due process ground that he had not been served with citation pursuant to the provisions of the Texas Family Code.  *See* Tex. Fam. Code § 9.102(c).  For the reasons that follow we reverse the trial court's judgment and remand this case to the trial court for trial on the merits.

## BACKGROUND

Ned and Valerie were divorced in 1996 in the 82nd Judicial District Court of Falls County, Texas.  In the divorce decree, Valerie was awarded "one-half (½) of the community

---

[1] Because the parties have the same last name, we refer to them by their first names.

retirement earned through Ned McElwrath's employment with the U.S. Postal Service and to be set forth in a Qualified Domestic Relations Order." No QDRO was ever signed by the Falls County district court. In October 2007, Valerie's attorney sent Ned a letter enclosing a proposed QDRO, which Ned declined to sign. Ned retired in 2009. On May 20, 2010, Valerie's attorney wrote a letter to the trial court in Cause No. 27,231 in the 20th Judicial District Court of Milam County, enclosing a proposed QDRO and asking the court to sign it. That court signed the order on June 2, 2010. Ned contends that he first learned that the order had been signed on the Friday after Thanksgiving in November 2010 when he received a letter from the United States Office of Personnel Management (OPM) informing him that it had processed Valerie's claim for a portion of his retirement benefits according to court order. In February 2013, Ned filed his petition for bill of review, seeking to set aside the QDRO signed in Cause No. 27,231, which the trial court denied. The trial court entered findings of fact and conclusions of law, and at Ned's request, additional findings of fact and conclusions of law. This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's denial of a bill of review for an abuse of discretion. *Morris v. O'Neal*, 464 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding principles or rules. *See Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012). "In an appeal from a bench trial, the trial court's findings of fact 'have the same force and dignity as a jury's verdict upon questions.'" *Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 639 (Tex. App.—Austin 2012, no pet.) (quoting *Anderson v. City of*

2

*Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991)).  Unchallenged findings of fact are binding unless there is no evidence to support the finding or the contrary is established as a matter of law. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *McAleer v. McAleer*, 394 S.W.3d 613, 620 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence.  *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Hawkins v. Ehler*, 100 S.W.3d 534, 539 (Tex. App.—Fort Worth 2003, no pet.).  Although a trial court's conclusions of law may not be challenged for factual insufficiency, we may review the legal conclusions drawn from the facts to determine their correctness.  *City of Austin v. Whittington*, 384 S.W.3d 766, 779 n.10 (Tex. 2012); *BMC Software*, 83 S.W.3d at 794.  We may reverse a trial court's judgment only if its conclusions are erroneous as a matter of law.  *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 749 (Tex. App.—Dallas 2012, no pet.); *Thomas v. Cornyn*, 71 S.W.3d 473, 485 (Tex. App.—Austin 2002, no pet.).

Ned's issues also involve matters of statutory construction, which is a question of law that we review de novo.  *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  Our primary concern is the express statutory language.  *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).  We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

**DISCUSSION**

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Ross v. National Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence by the movant. *Ross*, 197 S.W.3d at 797; *Caldwell*, 154 S.W.3d at 96. However, a bill of review plaintiff claiming no service is relieved of the obligation to prove the first two elements because a judgment rendered without service is constitutionally infirm regardless of whether the plaintiff possesses a defense he was prevented from making. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *Caldwell*, 154 S.W.3d at 96–97.

Nonetheless, a bill of review plaintiff alleging that he was not served is still required to prove the third bill of review element—that the judgment was rendered unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 97. This third element is conclusively established if the plaintiff can prove that he was never served with process. *Id.* "An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be entered." *Id.* "In sum, when a plaintiff seeks a bill of review based solely on a claim of non-service, the bill of review procedure . . . must be slightly modified. When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a

4

trial, at which the bill of review plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case." *Id.* at 97–98.

In his first issue, Ned argues that the trial court erred in denying his bill of review because he established that he was not served with citation in Cause No. 27,231 and is entitled to set aside the default QDRO as a matter of law because due process prohibits entry of judgment without service of citation.[2] Section 9.102(c) of the Family Code requires that a party whose rights may be affected by a QDRO is entitled to receive notice of a petition for QDRO by citation. *See* Tex. Fam. Code § 9.102(c). The trial court below entered findings of fact that no citation was issued to Ned and that no return of citation or waiver of service of citation was filed in Cause No. 27,231. Valerie does not challenge these findings on appeal, and they are therefore binding unless there is no evidence to support them or the opposite is established as a matter of law. *See Seasha Pools*, 391 S.W.3d at 639. The docket sheet in Cause No. 27,231 contains no entry for issuance, service, or waiver of service of citation, the QDRO does not recite that Ned had been served with citation, and there is nothing else in the record to indicate that citation was ever issued or served. *Cf. Phillips v. Parrish*, No. 01-96-00822-CV, 1997 Tex. App. LEXIS 4726, at *1 (Tex.

---

[2] Cause No. 27,231 is styled In the Matter of the Marriage of Valerie McElwrath and Carroll Ned McElwrath and in the Interest of [C.J.M.] and [K.K.L.M.], Children, and the docket sheet indicates it was filed in 2000. The only records from Cause No. 27,231 included in the appellate record are the letter from Valerie's counsel to the trial court requesting that it sign the QDRO, the signed QDRO, and the docket sheet.

App.—Houston [1st Dist.] Aug. 29, 1997, writ denied) (per curiam) (upholding denial of bill of review where record in underlying divorce proceeding contained waiver of citation by bill of review plaintiff who also admitted actual notice but did not attend hearing). Further, Ned offered undisputed testimony that he was not served with citation. In her briefing, Valerie states that she "does not have personal knowledge of whether or not [Ned] was not served with citation prior to entry of the [QDRO]" but does not offer any argument or cite any evidence that she caused citation to be issued or attempted to serve Ned with notice by citation. Therefore, the appellate record supports the trial court's finding that Ned was not served with notice by citation, an express requirement of the plain language of section 9.102(c). *See* Tex. Fam. Code § 9.102(c); *Marks*, 319 S.W.3d at 663; *Pochucha*, 290 S.W.3d at 867; *cf. Caldwell*, 154 S.W.3d at 97 n.3 (when record contains return of citation, testimony of plaintiff alone, without corroborating evidence, is insufficient to overcome presumption of service).

Although Valerie does not dispute that Ned was not served with citation, she appears to argue that no service was necessary because there was "ongoing litigation" between the parties in 2010 in Cause No. 27,231 prior to the request for the QDRO. As evidence of ongoing litigation, she cites the letter from her attorney to the trial court and copied to Ned's attorney requesting the trial court to sign the enclosed QDRO and referring to a child support hearing.[3] Because both parties were before the court, Valerie argues, requesting the QDRO was "tantamount" to Valerie's seeking additional relief in pending litigation. Thus, Valerie contends that the requirement of section

---

[3] In addition, the trial court's findings of fact include an unchallenged finding that on April 5, 2010, Ned was represented by counsel in Cause No. 27,231 pending in the 20th Judicial District Court of Milam County.

9.102(c) does not apply if the request for a QDRO is brought in pending litigation. We do not find this argument persuasive. Section 9.102(c) expressly requires notice by citation and contains no exception for a request for a QDRO filed in ongoing litigation. *See* Tex. Fam. Code § 9.102(c); *Marks*, 319 S.W.3d at 663; *Pochucha*, 290 S.W.3d at 867. If the legislature had intended such an exception, it could have created one. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014) (citing *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) ("We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind.")). Valerie cites no authority for making such an exception, and we know of none.

To the extent Valerie argues that Ned waived service by citation of her request for the QDRO by participating in Cause No. 27,231 prior to the request, we are likewise unpersuaded.[4] First, Ned's appearance and participation in Cause No. 27,231 are less than clear from the appellate record. Moreover, even assuming Ned participated in matters prior to Valerie's request for entry of the QDRO, there is nothing in the record to reflect any appearance or participation by Ned between the date of Valerie's letter requesting the QDRO and the signing of the order. Although the trial court entered an unchallenged finding of fact that Ned was represented by counsel in that cause "on April 5, 2010," which was prior to the letter requesting the QDRO, there is no record evidence, and Valerie does not argue, that Ned appeared or participated in any matter related to the QDRO prior

---

[4] There is nothing in the record to indicate, and Valerie does not argue, that Cause No. 27,231 was a transfer of the original divorce proceeding from Falls County so as to render service in Cause No. 27,231 unnecessary. *See generally* Tex. Fam. Code §§ 6.407, 103.003, 155.201–.301. Rather, the docket sheet reflects a date of "Filing," suggesting an original filing in Milam County requiring service of citation.

7

to the entry of the order so as to have waived the service by citation of the request for the QDRO required by section 9.102(c).

Nor does Valerie contend that Ned was provided notice and a hearing before entry of the QDRO, and the docket sheet in Cause No. 27,231 does not reflect any such hearing. *See In re E.R.*, 385 S.W.3d 552, 559 (Tex. 2012) (at minimum, due process requires notice and opportunity for hearing appropriate to the nature of the case); *cf. In re Marriage of Dixon*, No. 12-10-00384-CV, 2011 Tex. App. LEXIS 3952, at *1–3, 8 (Tex. App.—Tyler May 25, 2011, no pet.) (mem. op.) (affirming denial of bill of review where plaintiff did not receive notice of final order but participated in hearing on QDRO and did not prove meritorious defense). In the letter transmitting the proposed QDRO to the trial court, which was copied to counsel for Ned, counsel for Valerie requested that the trial court sign the order but made no mention of setting the matter for hearing. Ned offered undisputed testimony that he did not receive notice of the entry of the order until late November 2010. Even assuming that Ned had waived service by citation by appearing in Cause No. 27,231 on other prior matters and that no additional service was required under section 9.102(c) or that such service was also waived by appearance, Ned was nonetheless entitled to notice and an opportunity to voice his objections to entry of the QDRO at a hearing. *See* Tex. Fam. Code § 9.102(c); *In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) (due process rights of defendant who has made appearance are violated when judgment is subsequently entered without notice of setting and opportunity to voice objections at hearing even if defendant previously waived notice of citation).

8

Lack of service conclusively established no fault or negligence on the part of Ned, the only bill of review element Ned was required to prove. *See Ross*, 197 S.W.3d at 797 (defendant who is not served with process is entitled to bill of review without further showing); *Caldwell*, 154 S.W.3d at 97 (proof of non-service conclusively establishes lack of fault on part of bill of review plaintiff). Because Ned proved he was not served with citation, and because there is no evidence he appeared or participated in the proceeding in any matter concerning entry of the QDRO—or that there even was a hearing concerning the order—he could not be at fault or negligent in allowing the QDRO to be entered. *See* Tex. Fam. Code § 9.102(c); *In re K.M.L.*, 443 S.W.3d at 118–19; *In re E.R.*, 385 S.W.3d at 559; *Ross*, 197 S.W.3d at 798 (individuals not served with process cannot be at fault or negligent in allowing default judgment to be entered) (citing *Caldwell*, 154 S.W.3d at 97); *cf. Phillips*, 1997 Tex. App. LEXIS 4726, at *10. The trial court therefore erred in denying the bill of review. *See Ross*, 197 S.W.3d at 798; *Caldwell*, 154 S.W.3d at 97–98 (upon finding that bill of review plaintiff was not served, trial court should allow parties to revert to original status as plaintiff and defendant with burden on original plaintiff to prove case). We sustain Ned's first issue.[5]

---

[5] Because Ned's first issue is dispositive, we do not reach his second issue, in which he challenges the trial court's denial of the bill of review on the basis that Ned failed to use diligence in appealing the entry of the QDRO. *See Ross v. National Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam) (while diligence is required from properly served parties or those who have appeared, those not served have no duty to act, diligently or otherwise). Likewise we do not reach his third issue in which he challenges the trial court's denial of the bill of review on the ground that Ned had unclean hands based on his actions in Cause No. 27,231. *See id.* at 798 (holding that appellate court erred in affirming denial of bill of review on ground of unclean hands based on plaintiff's failure to cooperate with post-judgment collection efforts in underlying default judgment because bill of review is separate suit from underlying proceeding). We also need not reach Ned's fourth issue, in which he challenges the trial court's denial of the bill of review because the OPM correctly determined Valerie's portion of the retirement benefits. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 82 (1988) (holding that it is no answer that in particular case

**CONCLUSION**

Having concluded that the trial court erred in denying Ned's bill of review, we reverse the trial court's judgment and remand to the trial court for trial on the merits. *See Ross*, 197 S.W.3d at 798; *Caldwell*, 154 S.W.3d at 97–98.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Reversed and Remanded

Filed: April 13, 2016

_____

due process would have led to same result); *Caldwell v. Barnes*, 154 S.W.3d 93, 97–98 (Tex. 2004) (upon finding that bill of review plaintiff was not served, trial court should allow parties to revert to original status as plaintiff and defendant with burden on original plaintiff to prove case).