**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00394-CV**
_____

**IN THE INTEREST OF F.I.D. AND H.A.D.**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 39,305**

**MEMORANDUM OPINION**

J.F. ("Mother") appeals the trial court's denial of her Petition for Bill of Review seeking to set aside the Order terminating her parental rights to her minor children, F.I.D. and H.A.D.[1] In one issue, Mother argues the trial court erred by denying her Petition for Bill of Review and finding no evidence supported her "meritorious defenses to the termination of her parental rights[.]" For the reasons

---

[1] In parental rights termination cases, to protect the identity of the minors, we refer to the children by a pseudonym or initials and family members by their relationships to the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

1

discussed below, we affirm the trial court's Order denying Mother's Petition for Bill of Review.

## BACKGROUND

Mother and A.D. ("Father") were in a relationship for several years but never married. They had two children, F.I.D. and H.A.D. In October 2015, after they separated, Mother signed an "Affidavit for Voluntary Relinquishment of Parental Rights" in which she relinquished her rights to their minor children. In the Affidavit, Mother claimed, "I freely and voluntarily waive and give up my right to issuance, service, and return of citation, notice, and all other process in any suit to terminate my parental rights[.]" She also stated, "I do not want to be mailed or given a copy of the judgment terminating my parental rights and do not want to be notified of the signing, rendition, or entry of that judgment." The Affidavit contained blanks that Mother filled in by hand. Mother was twenty-three years old when she signed the Affidavit, which was witnessed by two individuals and signed before a notary.

On April 7, 2016, Father filed his "Original Petition to Terminate Parent-Child Relationship" as to Mother based on her affidavit of voluntary relinquishment. In the Petition, he alleged that termination was in the children's best interest. The next day, the trial court terminated Mother's parental rights to F.I.D. and H.A.D. based on Mother's Affidavit for Voluntary Relinquishment and appointed Father as the children's sole managing conservator.

2

On March 10, 2021, Mother filed her "Petition for Bill of Review" alleging that Father did not tell her about the termination. She also alleged that Father committed fraud, coerced her, and she signed the Affidavit for Voluntary Relinquishment under duress. Mother supported her Petition for Bill of Review with the following exhibits: (1) Order of Termination; (2) Affidavit for Voluntary Relinquishment of Parental Rights; and (3) her Verification. In her Verification, Mother asserted that Father did not tell her about the termination and that the children continued to stay with her, but that in May 2016, she "allowed [Father] to have possession." Mother also claimed that through June 2019, she "believed that we were acting as co-parents and the children were living with him and visiting me[.]" She claimed that in June 2019, Father began limiting her access, so she "contacted the District Clerk's Office to get a copy of the custody papers." Mother alleged that when she reviewed the documents in June 2019, she learned her rights had been terminated.

Father responded by filing his "Plea to the Jurisdiction, Motion for Summary Judgment, and Amended Original Answer." In his pleading, Father argued that Mother's Petition for Bill of Review challenging the termination was untimely under Texas Family Code section 161.211(a). His answer included a general denial, and he asserted limitations as an affirmative defense. Father argued that even taking Mother's allegations in her Verification as true and that she did not have actual

3

knowledge of the termination until June 2019, which he denied, she still waited one year and nine months before she filed her Bill of Review.

The trial court held a hearing on Father's Plea to the Jurisdiction and Motion for Summary Judgment and then heard Mother's Petition for Bill of Review. During the hearing on the Plea to the Jurisdiction, Father argued that the six-month limitations period in section 161.211 was a jurisdictional prerequisite that barred the Petition for Bill of Review. Mother argued that it was not jurisdictional but an affirmative defense that could defeat a prima facie case. The trial court delayed ruling on the Plea to the Jurisdiction to research the issue.

The trial court then held the initial bill of review hearing, during which Mother argued that all she needed to do was "present a prima facie case that she has a meritorious defense to the termination and that she was prevented from making that defense by the fraud or wrongful act of [Father]." Mother also contended that since it was the initial Bill of Review hearing, the Court could not consider whether she was negligent in filing her action, which was something a jury would decide at a final hearing. Mother argued there was some evidence she did not voluntarily execute the Affidavit for Relinquishment and that Father "conducted fraud, coercion or duress," and "he had a legal duty to her as a person in her life that she relied upon[.]" Mother also argued there was no evidence of best interest to support the termination.

Father responded that Mother was twenty-three-years-old when she signed the affidavit, they were unmarried, and he did not owe her a duty. He also argued that the "affidavit on its face tells you there's no fraud. There are twenty blanks that she filled in[]" in her handwriting. Father explained that Mother did not take any action for almost two years after learning her rights had been terminated. Father argued evidence of best interest could be found in the affidavit of relinquishment.

Mother then replied that evidence of her delay between 2019 and 2021 went to her diligence, which the trial court could not consider until the second Bill of Review hearing. She asserted the trial court should only consider her Verification supporting the Bill of Review that set forth evidence Father controlled her. Mother acknowledged there were "problems with limitations" but claimed that was an issue for later.

The trial court denied Mother's Request for a Bill of Review. Mother subsequently filed her "Request for Findings of Fact and Conclusions of Law." The trial court issued Findings of Fact and Conclusions of Law. The trial court's Findings of Fact as to mother included that: on October 29, 2015, Mother signed an Affidavit of Voluntary Relinquishment; on April 8, 2016, her rights were terminated based on that Affidavit; and on March 10, 2021, Mother filed a Petition for Bill of Review. The trial court's Findings of Fact as to father included that: on April 26, 2021, Father filed a Plea to the Jurisdiction, Motion for Summary Judgment and Original Answer;

and after the hearing, on September 26, 2022, Father filed an Amended Answer. On October 7, 2022, the trial court signed orders denying Respondent's Plea to the Jurisdiction and Petitioner's Bill of Review.

The trial court's Conclusions of Law included that it had jurisdiction to hear this matter based on the Beaumont Court of Appeals decision determining that the six-month limitations period contained in section 161.211 was an affirmative defense rather than a jurisdictional issue. The trial court also concluded that Father raised the statute of limitations as an affirmative defense. Regarding the Bill of Review, the trial court noted the parties' arguments. These arguments included Mother's claim that she provided prima facie evidence of a meritorious defense to the termination of her parental rights, which she was prevented from making based on fraud, accident, or Father's wrongful acts. The trial court added that any fault, negligence, or lack of diligence on Mother's part was an issue for trial and not the initial hearing. The trial court explained that Mother "attached an affidavit attempting to support" her argument that Father owed her a legal duty, she felt forced to sign the relinquishment, and she believed she signed custody papers. The trial court noted Father's reliance on Mother's exhibits attached to her pleadings to disprove her allegations of coercion, fraud, or duress. The trial court ultimately concluded, "there was not a scintilla of evidence presented as to the fraudulent concealment, [Father] did not have a legal duty to [Mother], and that there was no

6

meritorious defense to the termination of her parental rights." Mother timely appealed.

## STANDARD OF REVIEW

We review a trial court's denial of a bill of review for an abuse of discretion. *See Herrera v. Mata*, No. 09-20-00170-CV, 2022 WL 17002128, at *2 (Tex. App.—Beaumont Nov. 17, 2022, no pet.) (mem. op.); *see also Morris v. O'Neal*, 464 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citation omitted). The trial court abuses its discretion if it acts arbitrarily or unreasonably, or if it acts without reference to any guiding rules or principles. *See Herrera*, 2022 WL 17002128, at *2; *Morris*, 464 S.W.3d at 806 (citation omitted). "[W]hether a bill-of-review petitioner has made a prima facie showing of a meritorious claim or defense is a question of law we review *de novo*." *Morris*, 464 S.W.3d at 806 (citations omitted); *see also Baker v. Goldsmith*, 582 S.W.2d 404, 408–09 (Tex. 1979) (explaining that whether the petitioner presented a prima facie meritorious defense "is a question of law for the court[]").

## ANALYSIS

### Applicable Legal Standard Governing A Bill of Review and Family Code section 161.211

A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see also Katy Venture, Ltd. v.*

7

*Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) (quotation omitted). The Supreme Court of Texas has recognized that finality of judgments is uniquely important in family matters, particularly in parental-termination proceedings. *See In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). A bill-of-review complainant must prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which she was prevented from making by the opposing party's fraud, accident, or wrongful act or official mistake; and (3) that is unmixed with the complainant's fault or negligence. *See Herrera*, 2022 WL 17002128, at *1 (citation omitted); *Jones v. Tex. Dep't of Protective and Regul. Servs.*, 85 S.W.3d 483, 487 (Tex. App.—Austin 2002, pet. denied). After a party files a petition setting forth the facts and three elements of a bill of review, as a pretrial matter, the complainant must present prima facie proof to support the meritorious defense alleged in the petition. *See Jones*, 85 S.W.3d at 488. At the preliminary stage, "a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker*, 582 S.W.2d at 408–09; *see In re M.Y.W.*, No. 14-06-00185-CV, 2006 WL 3360482, at *2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2006, pet. denied) (mem. op.) (citation omitted); *Jones*, 85 S.W.3d at 488 (noting same).

We have held that section 161.211's six-month limitation on attacks of termination rulings is an affirmative defense, which a defendant may raise to defeat

a petitioner's prima facie case. *See In re Bullock,* 146 S.W.3d 783, 790 (Tex. App.—Beaumont 2004, no pet.). An affirmative defense does not rebut the plaintiff's pleaded factual propositions, rather it allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail. *Id.* at 791; *see also In re M.Y.W.*, 2006 WL 3360482, at *2.

Father pleaded the affirmative defense of limitations and argued at the preliminary hearing that Texas Family Code section 161.211 barred Mother's Bill of Review. Section 161.211 provides:

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights ... is not subject to collateral or direct attack after the sixth month after the date the order was signed.

Tex. Fam. Code Ann. § 161.211(a). After the preliminary hearing, the trial court ruled Mother had not met her burden of establishing a prima facie meritorious defense for the Bill of Review.

**The trial court did not err in denying Mother's Petition for Bill of Review**

In one issue, Mother challenges the trial court's determination that she had failed to present a prima facie meritorious defense at the preliminary hearing. As outlined above, the trial court found that on October 29, 2015, Mother signed the Affidavit of Voluntary Relinquishment and on April 8, 2016, the trial court signed the termination Order based on that Affidavit. The trial court also found that on

9

March 10, 2021, Mother filed her Petition for Bill of Review, almost five years after the termination Order was signed.

The Petition for Bill of Review included Mother's more recent "Verification" alleging fraud, coercion, and duress by Father. Although this may constitute some evidence of a meritorious defense, that does not end our inquiry. A prima facie meritorious defense is one not barred as a matter of law. *See Baker*, 582 S.W.2d at 408–09; *Jones*, 85 S.W.3d at 488 (noting same); *see also In re M.Y.W.*, 2006 WL 3360482, at *2. The trial court also determined that Father raised the affirmative defense of the six-month statute of limitations, which we have previously determined is allowed to defeat a petitioner's prima facie case. *See Bullock*, 146 S.W.3d at 790. In raising the statute of limitations to defeat Mother's prima facie meritorious defense, Father relied on evidence Mother included in her Petition for Bill of Review. *See id.* at 791; *see also In re M.Y.W.*, 2006 WL 3360482, at *2. The trial court included dates from this evidence in its findings of fact, which are supported by the record and establish that Mother filed her Petition for Bill of Review more than six months after the trial court signed the Order terminating her parental rights. *See Morrell v. Morrell*, No. 09-20-00086-CV, 2022 WL 959943, at *12 (Tex. App.—Beaumont Mar. 31, 2022, pet. denied) (mem. op.) (explaining that a trial court's findings of fact will be sustained if there is evidence in the record to support them). The trial court correctly determined that Mother failed to establish a prima

facie meritorious defense where such defenses were barred as a matter of law by the six-month statute of limitations provided in section 161.211(a). *See* Tex. Fam. Code Ann. § 161.211(a); *In re M.Y.W.*, 2006 WL 3360482, at *2–3; *see also Baker*, 582 S.W.2d at 408–09; *Jones*, 85 S.W.3d at 488. We overrule Mother's sole issue.

## Conclusion

Having overruled Mother's sole issue on appeal, we affirm the trial court's Order.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on September 8, 2023
Opinion Delivered June 27, 2024

Before Golemon, C.J., Horton and Johnson, JJ.