

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-12-00575-CV

Jesse B. **SCOTT** and Paula Scott,
Appellants

v.

Alexander R. **BABB**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 10-96-A
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 30, 2013

REVERSED AND RENDERED

Appellants Jesse and Paula Scott appeal the trial court's summary judgment ordering, *inter alia*, removal of a fence erected in 2005.  On appeal, the Scotts argue that Appellee Alexander R. Babb's suit was barred by limitations based on an almost five-year delay in filing.  We reverse the trial court's judgment and render judgment in favor of the Scotts.

### BACKGROUND

The facts in the case are not in dispute.  The Scotts own fifteen acres of land bordered by Bayless Road in Kerr County, Texas.  Babb owns approximately 248 acres across the road and

adjacent to the Scotts' property. Both properties are subject to a sixty-foot easement which is located entirely within the Hill Country Ranch Estates subdivision. Bayless Drive is a single-lane dirt road, used regularly by only five residents. Babb uses Bayless Drive to reach his property from a connecting county road.

Over a five-week period in the summer of 2005, the Scotts erected a fence running along the side of their property on Bayless Drive. Although Babb acknowledges he saw the construction, specifically the installation of the posts, he never expressed any concerns to the Scotts concerning the location of the fence. In fact, when asked whether he had any objection at the time the fence was erected, Babb replied

> At the time I didn't know what my rights were regarding, you know, whether—whether there would be any problems or what my rights were regarding having—you know, being able to have something moved. The thought never occurred to me at the time.

In November of 2008, Babb first voiced his objections to the location of the Scotts' fence via a letter from his attorney. The letter claimed the Scotts' fence encroached upon the sixty-foot-wide easement dedicated in the 1970 plat for the Hill Country Ranch Estates subdivision. The dedication bestows "to the public for public use forever all roads shown hereon."

On January 17, 2010, Babb filed suit seeking (1) damages for the loss of value in his property due to the Scotts' "unlawful taking" and (2) a mandatory injunction requiring the Scotts to remove the fence. In their First Amended Original Answer, the Scotts alleged Babb's claim was barred by the applicable two-year statute of limitations for permanent injury to land.

On competing motions for summary judgment, the trial court granted Babb's motion for summary judgment, ordered the Scotts to remove the fence, and denied the Scotts' Motion to Dismiss for Want of Jurisdiction. The Scotts filed this appeal.

## STATUTE OF LIMITATIONS

An action to prevent encroachment upon a private easement may be barred by limitations. *Eidelbach v. Davis*, 99 S.W.2d 1067, 1073 (Tex. Civ. App.—Beaumont 1936, writ dism'd); *Auerbach v. Dall. Area Rapid Transit*, No. 05-94-01207-CV, 1995 WL 447530, at *4 (Tex. App.— Dallas July 26, 1995, writ denied). The defendant bears the burden to conclusively prove all essential elements of an affirmative defense of statute of limitations. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2003). "Generally, when a cause of action accrues is a question of law." *Provident*, 128 S.W.3d at 221. A cause of action may accrue, and the statute begin to run, "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

### A.    Arguments of Parties

On appeal, the Scotts argue the trial court abused its discretion in three ways: (1) overruling the limitations defense, (2) granting a mandatory injunction, and (3) granting impermissible relief.

The Scotts argue an encroachment upon an easement for permanent injury to land is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West Supp. 2013) (requiring a person to "bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues"); *Yancy v. City of Tyler*, 836 S.W.2d 337, 339 (Tex. App.—Tyler 1992, writ denied) (op. on reh'g). On the other hand, Babb asserts this is an action affecting real property and five and ten-year statutes of limitations apply. *See Keown v. Meriwether*, 371 S.W.2d 56, 57 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.); *see also*

*Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990); *Nevins v. Whitley*, No. 13-04-486-CV, 2005 WL 2036213, at *9 (Tex. App.—Corpus Christi Aug. 25, 2005, no pet.) (mem. op.).

**B.      Temporary versus Permanent Injury to Land**

The temporal bar on limitations is controlled by the type of injury. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. ch. 16 (West Supp. 2013). Neither party contests that the easement in question is a private easement. Therefore, our inquiry is whether the encroachment (i.e., the fence) is a permanent or temporary injury to the land. The Scotts contend it is a permanent injury.

The permanent or temporary nature of an injury is determined by its continuum. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 272–73 (Tex. 2004); *Auerbach*, 1995 WL 447530, at *3. Permanent injuries are those that are "constant and continuous," not intermittent or recurrent. *Auerbach*, 1995 WL 447530, at *3; *cf. Bates*, 147 S.W.3d at 272 (defining a permanent nuisance as "an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely"). Temporary injuries are those that are not continuous but are sporadic, are not likely to continue, and are usually tied to a specific occasion. *Auerbach*, 1995 WL 447530, at *3; *cf. Bates*, 147 S.W.3d at 276–80.

In *Auerbach*, the court held a billboard was a permanent injury because of the construction involved, including the concrete footing and steel column. *Auerbach*, 1995 WL 447530, at *2–3. Here, the fence took five weeks to complete and the testimony substantiated that moving the fence off the easement would cost approximately $8,000.00. We therefore construe the fence as a permanent injury to the land and the two year statute of limitations applies. *See Yancy*, 836 S.W.2d at 339; *cf. City of Amarillo v. Ware*, 120 Tex. 456, 40 S.W.2d 57, 58 (describing a fence as a permanent and valuable improvement on land).

Based on the fence's characterization as a permanent injury to the land, the completion date of the fence's construction is dispositive for purposes of limitations. *See Auerbach*, 1995 WL

447530, at \*3 ("Where a building or permanent structure is placed on a private easement, the limitations period on an action to abate the obstruction begins to run with the completion of the obstruction."); *Eidelbach,* 99 S.W.2d at 1073. The fence was erected in the summer of 2005 and Babb did not file suit until January 17, 2010. Thus, the limitations contained in section 16.003 barred Babb's suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *see also Provident*, 128 S.W.3d at 221. Accordingly, the trial court erred in denying the Scotts' Motion to Dismiss for Want of Jurisdiction. Because we sustain the Scotts' first issue, their second and third issues are moot.

We reverse the trial court's judgment and render judgment that Babb take nothing in his suit against the Scotts.

Patricia O. Alvarez, Justice