

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-17-00810-CV

**CODY TEXAS, L.P.**,
Appellant

v.

**BPL EXPLORATION, LTD.**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 8,665
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting en banc[1]: Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 11, 2019

VACATED AND RENDERED

Appellant Cody Texas, L.P. appeals a November 15, 2017 final judgment in favor of

appellee BPL Exploration, Ltd. The trial court signed that judgment on remand after this court

reversed the trial court's denial of Cody's petition for bill of review. *See Cody Tex., L.P. v. BPL

Expl., Ltd.*, 513 S.W.3d 522, 543 (Tex. App.—San Antonio 2016, pet. denied) (*Cody I*). For the

---

[1] Justice Rebeca C. Martinez voluntarily recused herself and did not participate in this opinion.

reasons explained below, we overrule our December 14, 2016 opinion in *Cody I*; recall the mandate in that appeal; permanently suspend enforcement of our December 14, 2016 judgment in that appeal; vacate the trial court's November 15, 2017 final judgment; and render judgment denying Cody's petition for bill of review.

## BACKGROUND

### A.     The Underlying Dispute

This is the second lawsuit and the third direct appeal arising from a conveyance of mineral interests between Cody and two non-parties: Choctaw Corporation and Queen Sand Resources ("QSR"). These mineral interests included working interests owned by Choctaw and covered by a joint operating agreement that gave BPL a preferential right to purchase them ("the JOA properties"). The joint operating agreement required Choctaw to give BPL written notice of any proposed sale of the JOA properties and to include "full information concerning [the] proposed disposition" in that notice. The joint operating agreement specified that its terms ran with the land and were binding on the parties to the agreement and their successors.

In April of 2000, Cody offered to buy the JOA properties from Choctaw. At the same time, it offered to buy overriding royalty interests from QSR that were not covered by the joint operating agreement. Cody and QSR also agreed to a second transaction in which Cody would sell 25% of the JOA properties to QSR. Although Cody assigned the JOA properties an "Allocated Value" of $947,000, a letter agreement between Choctaw and QSR showed that Choctaw would receive only $777,000 for them. Choctaw, Cody, and QSR agreed the effective date of the two transactions would be January 1, 2000, and they also agreed that Cody and QSR, as purchasers of the JOA properties, were entitled to receive proceeds from any operations on those properties after January 1, 2000.

During these negotiations, Choctaw notified BPL of the proposed sale. It told BPL that it planned to sell the JOA properties to Cody and that the price allocated by Cody was $947,000. Choctaw later confirmed that price to BPL. However, Choctaw did not disclose that: (a) it would only receive $777,000 for the JOA properties; (b) Cody would immediately transfer 25% of the JOA properties to QSR; or (c) the backdated effective date of the transfer meant Cody and QSR would receive six additional months' worth of proceeds from any operations on the JOA properties. BPL requested the additional information required by the terms of the joint operating agreement, but Choctaw refused to supply that information, citing a confidentiality agreement. In reliance on Choctaw's representations, BPL waived its preferential right to purchase the JOA properties.

On June 30, 2000, Choctaw, Cody, and QSR executed their various conveyances, and on July 11, 2000, they filed the conveyance documents in the Zapata County deed records. The only price information listed in these publicly available documents shows that the JOA properties were conveyed for "$10.00 and other good and valuable consideration."

**B.      The Original Trial and Dismissed Appeal**

BPL learned about Cody's transfer to QSR for the first time in 2004. On November 28, 2005, it filed suit against Cody, as Choctaw's successor, for breach of the joint operating agreement. During the discovery period in that lawsuit, BPL first learned the terms of the Cody-Choctaw-QSR transaction that Choctaw had refused to disclose in 2000. BPL then amended its petition to add a fraud claim against Cody, contending it was damaged by Choctaw's misrepresentations and failure to disclose information required by the joint operating agreement. It also contended that Choctaw's conduct prevented it from discovering its legal injury until several years after the conveyances.

Cody countered that BPL's breach of contract and fraud claims were barred by limitations. BPL argued, however, that the statute of limitations was tolled by the discovery rule and the fraudulent concealment doctrine. After hearing evidence during a week-long bench trial, the trial court found that Choctaw's duties under the joint operating agreement had transferred to Cody[2] and that BPL's breach of contract and fraud claims were not barred by limitations. On May 13, 2013, the trial court signed a final judgment awarding damages and attorneys' fees to BPL. However, the district clerk did not notify the parties of the signing of that judgment.

On October 9, 2013, after the trial court's plenary power expired, the trial court signed a second final judgment. This was the first judgment the district clerk sent to the parties, and Cody attempted to appeal it. However, because we concluded the second judgment was void and Cody had not timely appealed the May 13, 2013 judgment, we dismissed the appeal for want of jurisdiction.[3]

## C.     The Bill of Review and the First Substantive Appeal (*Cody I*)

Next, Cody filed a bill of review petition in the trial court. In that petition, Cody argued its failure to timely file a notice of appeal after the trial on the merits was the result of official mistake unmixed with its own negligence. It also alleged it had three meritorious grounds to appeal the trial court's May 31, 2013 final judgment.

The parties filed competing motions for summary judgment on the required elements of Cody's bill of review. In its motion for summary judgment, Cody only asserted its limitations defense as a meritorious ground for appeal, arguing that the claims BPL asserted in 2005 were barred as a matter of law because the challenged transactions occurred in 2000 "and the

---

[2] Although Cody previously argued it was not bound by the joint operating agreement, it has not challenged the trial court's finding that it assumed Choctaw's duties under the joint operating agreement in this appeal.

[3] *Cody Tex., L.P. v. BPL Expl., Ltd.*, No. 04-14-00087-CV, 2014 WL 1722126, at *1 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.).

instruments reflecting those transactions were recorded in the public records of Zapata County on July 11, 2000." Cody argued that the discovery rule did not apply to BPL's claims as a matter of law "because the existence of public records conclusively negates the essential discovery rule element of 'inherently undiscoverable.'" Cody's motion did not address the doctrine of fraudulent concealment or include the reporter's record of the underlying trial in its summary judgment evidence.

In its response to Cody's motion for summary judgment, BPL noted: (a) the publicly available documents upon which Cody relied did not show that Choctaw only received $777,000 for the JOA properties or that Cody and QSR would receive proceeds from any operations on the JOA properties starting six months before the sale; and (b) the documents containing that information were not publicly available and BPL had no way to obtain them before it conducted discovery on its breach of contract claim. BPL included both the publicly available documents and the non-publicly available documents as evidence supporting its response.

In its own motion for summary judgment, BPL argued that because Cody filed a bill of review after it participated in a full trial on the merits, it was not entitled to relief unless it presented prima facie proof of a ground for appeal that would likely be successful under the applicable appellate standards of review. BPL argued Cody could not meet that burden because: (a) fact issues existed on limitations, the discovery rule, and fraudulent concealment; (b) the trial court, as factfinder, had already resolved those issues in BPL's favor; and (c) the trial court's findings and conclusions were supported by legally and factually sufficient evidence.

To support its motion, BPL asked the trial court to take judicial notice of the testimony presented during the original trial. However, BPL did not include the full record as summary judgment evidence. Instead, it submitted thirteen trial exhibits and three excerpts of witness testimony. Those excerpts included testimony from a BPL manager, Bill Baker, who initially

testified he did not believe the $947,000 price Choctaw represented to him was correct, so he did not rely on it at first. Baker also testified, however, that Choctaw verbally confirmed the price to him and that he did rely on that representation when he later decided to waive BPL's preferential right because by that point he had come to believe Choctaw's representations were accurate. Baker also testified that BPL would have exercised its preferential right if it had known the true terms of the Cody-Choctaw-QSR transaction, especially if it had known that doing so would have allowed it to collect proceeds from any operations on the JOA properties as of January 1, 2000. Based on this evidence, BPL argued that "[u]nder the appellate standards of review," the trial court's findings "concerning the discovery rule and the timeliness of the underlying suit cannot be disturbed" as a matter of law.

On December 16, 2015, the trial court signed an order granting BPL's motion for summary judgment, denying Cody's motion for summary judgment, and denying Cody's bill of review. Cody appealed that order to this court. *See Cody I*, 513 S.W.3d at 529. On appeal, Cody argued that it was entitled to relief by bill of review because it had conclusively shown that the discovery rule did not toll limitations on BPL's claims. Cody also argued that the doctrine of fraudulent concealment did not apply—an argument it had not raised in its motion for summary judgment.

On December 14, 2016, we held the trial court erred by denying Cody's bill of review and motion for summary judgment. *Id.* We wrote, "[T]he underlying facts necessary to analyze and determine the statute-of-limitations issue, that is, the accrual date of BPL's causes of action, are undisputed." *Id.* at 532. Based on this belief, we concluded that BPL's breach of contract and fraud claims were both barred by the four-year statute of limitations, and that neither the discovery rule nor the fraudulent concealment doctrine deferred the accrual of BPL's causes of action as a matter of law. *Id.* at 538, 541, 543. We therefore held that "Cody Texas had a meritorious ground for appeal of expiration of the applicable statute of limitations as a matter of law." *Id.* at 543. Because

we also determined that Cody had conclusively established the other two bill of review elements, we reversed the trial court's summary judgment in BPL's favor, rendered judgment denying BPL's motion for summary judgment and granting Cody's motion for summary judgment, and rendered judgment granting Cody's bill of review. *Id.* We based our holding that Cody conclusively proved all three bill of review elements on "the summary judgment record"—i.e., the arguments and evidence Cody and BPL included in their motions for summary judgment and their responses to each other's motions. *Id.*; *see also* TEX. R. CIV. P. 166a(c). Then, we remanded the cause "for proceedings consistent with this opinion." *Cody I*, 513 S.W.3d at 543.

## D.    The Post-Remand Proceedings and This Appeal (*Cody II*)

On remand, Cody and BPL both filed motions asking the trial court to enter judgment in their favor. Cody argued this court's statements in *Cody I* about the accrual of BPL's causes of action constituted the law of the case, so Cody was entitled to judgment as a matter of law.[4] BPL argued that this court's opinion and judgment in *Cody I* did not extend as far as Cody claimed. According to BPL, our holding provided only that Cody "had conclusively established the three elements necessary to get relief by bill of review." BPL argued that after the bill of review was granted, it was entitled to judgment based on the evidence presented at the first trial and the findings and conclusions the trial court had made based on that evidence.

On November 15, 2017, the trial court signed a final judgment taking judicial notice of the evidence from the original trial, setting aside its May 31, 2013 judgment, and awarding damages and attorneys' fees to BPL. Cody timely requested findings of fact and conclusions of law, which the trial court filed on January 3, 2018. The trial court's findings of fact and conclusions of law

---

[4] Cody also filed a petition for writ of mandamus asking this court to compel the trial court to grant its motion for judgment. *See In re Cody Tex., L.P.*, No. 04-17-00675-CV, 2017 WL 4942852, at *1 (Tex. App.—San Antonio Nov. 1, 2017) (orig. proceeding). We denied Cody's petition. *Id.*

note that the court "consider[ed] the record of the [underlying] bench trial" in rendering its judgment and that it based its findings and conclusions on that record.

This appeal arises out of the parties' motions for judgment and the November 15, 2017 final judgment the trial court signed on those motions. Cody contends that the law of the case doctrine controls the disposition of this appeal because the *Cody I* opinion held that the statute of limitations barred BPL's claims as a matter of law, so the trial court had no choice but to render judgment in Cody's favor. BPL argues that doctrine does not apply here because the issues and procedural posture in this appeal are different than *Cody I*, and if this court decided the statute of limitations question as a matter of law, it should have rendered judgment instead of remanding for further proceedings. BPL also argues that if *Cody I* decided the limitations issue as a matter of law, that decision was clearly erroneous. According to BPL, the only "law of the case" from *Cody I* is this court's judgment that Cody was entitled to relief by bill of review, which gave Cody what it lost when the district clerk did not notify it of the May 31, 2013 final judgment: the opportunity to file timely post-judgment motions and a notice of appeal challenging the substance of that judgment.

We initially set this case for submission before a three-justice panel. However, we sua sponte withdrew that submission and decided to consider this appeal en banc. Because the law of the case doctrine is the only argument Cody raised in its opening brief, we will consider whether that doctrine requires reversal of the trial court's judgment.

**ANALYSIS**

***Standard of Review***

"When applying the 'law of the case' doctrine where the first appeal involved the review of a summary judgment, we must give due consideration to the standards of review that governed and that limited the appellate court's consideration of evidence and issues presented in the first

appeal." *Lone Star Partners v. Nationsbank Corp.*, No. 05-98-02049-CV, 2001 WL 804503, at *1 (Tex. App.—Dallas July 18, 2001, pet. denied) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630–31 (Tex. 1986)). Since the first appeal arose out of the parties' competing motions for summary judgment on Cody's bill of review, our task in *Cody I* was to "review all issues presented and render the judgment the trial court should have rendered" on the bill of review. *See, e.g., Rife v. Kerr*, 513 S.W.3d 601, 609 (Tex. App.—San Antonio 2016, pet. denied); *see also Tummel v. Roadrunner Transp. Sys., Inc.*, No. 13-16-00335-CV, 2018 WL 1545573, at *6 (Tex. App.—Corpus Christi–Edinburg Mar. 29, 2018, pet. denied) (mem. op.). On appeal from a summary judgment, the appellate court's review is limited to the arguments the parties made in their motions for summary judgment and the record upon which the trial court's ruling was based. *See Bustillos v. Jacobs*, 190 S.W.3d 728, 732 (Tex. App.—San Antonio 2005, no pet.).

### *Applicable Law*

"The 'law of the case' doctrine provides that a decision of a court of last resort on a question of law will govern a case throughout its subsequent stages." *City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006). The doctrine "only applies to questions of law and does not apply to questions of fact." *Hudson*, 711 S.W.2d at 630. The doctrine also "does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved in the first trial." *Id.*

The law of the case doctrine also does not apply to an appellate opinion that is "clearly erroneous." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). The United States Supreme Court has held that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). Our sister court has explained that "'[c]learly erroneous' for law-of-the-

case purposes[] means something more than a mere disagreement with the prior decision." *Roman v. Ramirez*, 573 S.W.3d 341, 348 (Tex. App.—El Paso 2019, pet. denied).

If a court of appeals sitting en banc finds clear error in an earlier decision, "it [has] the power to overturn that first decision in the second appeal." *Briscoe*, 102 S.W.3d at 717; *Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 215–16 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (en banc) (overruling a prior panel decision because it "present[ed] an unsupported and unsustainable departure from precedent" and "has been a source of unnecessary confusion"). This is because "'[o]ur duty to administer justice under the law, as we conceive it, outweighs our duty to be consistent.'" *Briscoe*, 102 S.W.3d at 717 (quoting *Conn. Gen. Life Ins. Co. v. Bryson*, 219 S.W.2d 799, 800 (Tex. 1949)). We have previously held that where our previous opinion was clearly erroneous, it is not the law of the case in subsequent appeals in the same dispute. *Tex. Employers' Ins. Ass'n v. Borum*, 834 S.W.2d 395, 398 (Tex. App.—San Antonio 1992, writ denied).

Additionally, even when the doctrine applies, a decision of an intermediate court of appeals "does not bar reconsideration of the initial conclusion in a subsequent appeal." *Jackson*, 192 S.W.3d at 769; *see also Briscoe*, 102 S.W.3d at 716. "The question as to whether the court will reconsider, upon a second appeal, what it has formerly decided in the same case, must always be addressed to the discretion of the court, and determined according to the particular circumstances of that case." *Kempner v. Huddleston*, 37 S.W. 1066, 1067 (Tex. 1896). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has already been decided, and is not a limit to their power." *Aldridge v. Young*, 689 S.W.2d 342, 348 (Tex. App.—Fort Worth 1985, no writ).

*Application*

## A.      *Cody I* Is Clearly Erroneous.

It is undisputed that the full record was not filed in *Cody I*. In this appeal, BPL argues that the limited record presented in *Cody I* did not give this court the information it needed to grant Cody's requests for relief on limitations, the discovery rule, and fraudulent concealment. We agree. As a result, based "on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

As the appellant in *Cody I*, Cody bore the burden "to see that a sufficient record [was] presented to show error requiring reversal." *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Additionally, the bill of review proceeding through which Cody sought relief is a creature of equity, and "'it is incumbent upon the party applying to a court of equity for relief to show equity.'" *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974) (quoting *Overton v. Blum*, 50 Tex. 417, 426 (1878)). The Texas Supreme Court has held that a post-trial bill of review applicant must introduce the full record of the original trial "where needed in the consideration of the alleged errors." *Id.* at 246. An appellant cannot prevail on an evidentiary sufficiency challenge unless he: (a) presents the entire record of the evidence the trial court considered; or (b) designates a partial record in compliance with Texas Rule of Appellate Procedure 34.6. *See Bennett v. Cochran*, 96 S.W.3d 227, 228–29 (Tex. 2002); *Pub., Inc. v. County of Galveston*, 264 S.W.3d 338, 341–42 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also* TEX. R. APP. P. 34.6(c). If Cody did not satisfy its burden to produce a record showing reversible error, then we could not reverse the trial court's order denying Cody's bill of review petition. *See Pub., Inc.*, 264 S.W.3d at 341–42; *see also Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *In re Ramirez*, No. 04-18-00815-CV, 2018 WL 6069834, at *1 (Tex.

- 11 -

App.—San Antonio Nov. 21, 2018, no pet.) (mem. op.) (refusing to resolve a question that could not be answered based on the record before the court because that resolution "would be in the nature of an advisory opinion").

The alleged errors Cody asserted as a meritorious ground for appeal in *Cody I* were: (a) BPL's claims were barred by limitations as a matter of law; and (b) neither the discovery rule nor the fraudulent concealment doctrine tolled the running of limitations on those claims. These are facially valid theories upon which a judgment could potentially be overturned. *See, e.g.*, *Scott v. Babb*, 419 S.W.3d 531, 534 (Tex. App.—San Antonio 2013, no pet.). However, "the invocation of a facially valid legal theory is not itself sufficient to satisfy a bill of review petitioner's burden" to put forward a meritorious ground for appeal. *Morris v. O'Neal*, 464 S.W.3d 801, 808 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In order to demonstrate it was entitled to relief by bill of review, Cody was required to present a record showing at least a prima facie case that its asserted grounds for appeal "might, and probably would, have caused the [trial court's May 13, 2013] judgment to be reversed." *Id.* at 807 (internal quotation marks omitted). A "prima facie showing" consists of "the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (internal quotation marks omitted).

Furthermore, by filing a traditional motion for summary judgment on the elements of its bill of review, Cody took on a higher burden and asked the trial court—and later, this court—to conclude that it had a meritorious ground for appeal as a matter of law. TEX. R. CIV. P. 166a(c); *see Barowski v. Gabriel*, Nos. 04-08-00800-CV, 04-08-00801-CV, 2010 WL 3030874, at *2 (Tex. App.—San Antonio Aug. 4, 2010, no pet.) (mem. op.) ("When a trial court grants summary judgment on a bill of review, the summary judgment standard of review applies."). Stated differently, Cody asked this court to conclude that reasonable and fair-minded factfinders could

not disagree that it had shown that the judgment "might, *and probably would*" have been reversed on appeal based on its limitations arguments. *Morris*, 464 S.W.3d at 807 (emphasis added); *see also* TEX. R. CIV. P. 166a(c); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). It then asked this court to: (a) conclude that BPL's claims were barred as a matter of law; and (b) render a take-nothing judgment against BPL. *See Petro-Chem.*, 514 S.W.2d at 246 (if appellate court reverses denial of bill of review, it can render judgment for applicant if necessary to "enter a proper judgment disposing of the controversy involved in the original suit").

However, when Cody filed its bill of review, the trial court had already made factual findings that were contrary to Cody's asserted grounds for appeal and concluded that BPL's claims were not time-barred. Under the applicable appellate standards of review, those findings "ha[d] the same force and dignity as a jury's verdict and [were] reviewable for legal and factual sufficiency under the same standards as applied to the reviewing of a jury verdict." *Ski Masters of Tex., LLC v. Heinemeyer*, 269 S.W.3d 662, 667 (Tex. App.—San Antonio 2008, no pet.). Because Cody's motion for summary judgment on its bill of review attacked an adverse finding on limitations—an issue on which it bore the burden of proof—Cody was required to demonstrate as a matter of law that an appellate court might and probably would conclude that the evidence established all vital facts in support of that issue. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001); *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 17–18 (Tex. App.—San Antonio 2006, pet. denied); *see also Morris*, 464 S.W.3d at 807. Alternatively, it could demonstrate as a matter of law that an appellate court might, and probably would, conclude that the adverse finding was against the great weight and preponderance of the evidence. *See Dow Chem.*, 46 S.W.3d at 242; *Morris*, 464 S.W.3d at 807.

Cody's bill of review also attacked adverse findings on issues on which BPL bore the burden of proof at trial: the discovery rule and fraudulent concealment. *See Nelson v. Gulf Coast*

*Cancer & Diagnostic Ctr. at Se., Inc.*, 529 S.W.3d 545, 548 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Although we considered Cody's fraudulent concealment arguments in *Cody I*, we should have refused to do so because Cody did not raise those arguments in its motion for summary judgment. TEX. R. CIV. P. 166a(c); *Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.—San Antonio 2017, pet. denied). To prevail on its discovery rule argument, Cody had to show it was entitled to summary judgment on its claim of a meritorious ground for appeal by showing as a matter of law that an appellate court might, and probably would, conclude either: (a) there was no evidence to support the trial court's finding that the discovery rule tolled the accrual of BPL's claims; or (b) the evidence supporting that finding was so weak as to make the finding clearly wrong and manifestly unjust. *See Estate of Matthews III*, 510 S.W.3d 106, 117 (Tex. App.—San Antonio 2016, pet. denied); *Morris*, 464 S.W.3d at 807.

Under either path outlined above, this court could not have determined that Cody met its summary judgment burden—either on the bill of review elements or on the ultimate merits of Cody's challenges to the trial court's findings—without reviewing the entire record of the factfinding trial. *See, e.g.*, *Dow Chem.*, 46 S.W.3d at 241–42; *Estate of Matthews*, 510 S.W.3d at 117; *Lifshutz*, 199 S.W.3d at 18. This is because "[a]s a practical matter, a court cannot begin to say what evidence supports a verdict without reviewing it all." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Because Cody did not present us with the full reporter's record from the underlying trial, we had no way of evaluating the sufficiency of the evidence supporting the trial court's findings. *See id.*; *Cruz v. Cruz*, No. 04-17-00594-CV, 2018 WL 6793847, at *4 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op.) ("Without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards."). Moreover, because Cody presented a partial record without following the procedures outlined in Texas Rule of Appellate Procedure 34.6, we were required to presume that

the omitted portions of the record supported the trial court's findings. TEX. R. APP. P. 34.6(c); *Bennett*, 96 S.W.3d at 229.

We therefore should have affirmed the trial court's denial of Cody's petition in *Cody I. See Petro-Chem.*, 514 S.W.2d at 246. Instead, our opinion in *Cody I* suggests that Cody was entitled to not only relief by bill of review, but also substantive judgment in its favor. *See Cody I*, 513 S.W.3d at 538–41. As a result, the en banc court now holds that *Cody I* is clearly erroneous and the law of the case doctrine does not apply here. *See Briscoe*, 102 S.W.3d at 716; *Borum*, 834 S.W.2d at 398.

During oral argument in this appeal, Cody suggested that it was not required to submit the entire record of the original trial as summary judgment evidence because the portions of the record it did submit proved its limitations defense and disproved the discovery rule as a matter of law. However, even the limited excerpts the parties attached to their summary judgment motions and responses—which are included in the record in this appeal—contain more than a scintilla of evidence raising a genuine issue of material fact about when BPL was on notice of its legal injury. *See Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011); *In re Guardianship of Tischler*, 505 S.W.3d 73, 76 (Tex. App.—San Antonio 2016, no pet.) ("If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails."). For example, the evidence BPL attached to its response to Cody's motion for summary judgment showed that the publicly filed deed records on which Cody relied for its "matter of law" assertion did not disclose the facts that formed the basis of BPL's fraud claim. Additionally, Baker gave conflicting testimony—which BPL attached to its own motion for summary judgment—about whether and when BPL relied on Choctaw's representations about the purchase price.[5] The trial court, acting as factfinder,

---

[5] In its briefing in *Cody I*, Cody argued that BPL expressly disclaimed reliance on the $947,000 allocated price because Baker testified that he did not believe that price was correct and that he did not rely on it when it was initially

had the sole authority to resolve that conflict. *See, e.g.*, *In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 81 (Tex. App.—San Antonio 2011, pet. denied).

The record in *Cody I* therefore contains evidence upon which reasonable people could rely to disagree about when limitations began to run on BPL's claims. *See In re Guardianship of Tischler*, 505 S.W.3d at 76; *see also City of Keller*, 168 S.W.3d at 816. Those "conflicting theories, each supported by evidence, presented a classic case for a [factfinder's] resolution." *Barnes*, 353 S.W.3d at 764. Because the summary judgment record showed that the trial court's findings in the original trial turned on disputed facts, that record did not support a conclusion that those facts could be resolved as a matter of law in favor of either party. *See, e.g.*, *Lesley v. Veterans Land Bd.*, 352 S.W.3d 479, 486 (Tex. 2011); *Lidawi v. Progressive Cty. Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Because the summary judgment record affirmatively showed that Cody could not prevail on its "matter of law" legal sufficiency argument, the only way it could show a meritorious ground for appeal was to demonstrate that the evidence was factually insufficient to support the trial court's findings—and to do that, it needed to present the entire record of the underlying trial. *See, e.g.*, *Lemus v. Aguilar*, 491 S.W.3d 51, 58 (Tex. App.—San Antonio 2016, no pet.) ("When reviewing a factual sufficiency challenge, an appellate court examines all of the evidence, both the evidence that supports the finding and the evidence that controverts the finding."). It did not. For this reason, we cannot agree with Cody's assertion that its "matter of law" argument relieved it of

---

represented to him. However, Cody ignored that Baker also testified that he *did* rely on that representation when he later decided to waive BPL's preferential right, and that by that point, he had come to believe the representations that Choctaw had made to him were accurate. Because the trial court acted as factfinder in the original trial on the merits, it had the sole authority to decide how much weight and credibility to give to Baker's testimony on this point. *See City of Keller*, 168 S.W.3d at 819. In any event, however, Cody did not raise this "reliance" argument in its motion for summary judgment, which argued only that BPL had constructive notice of the Choctaw-Cody-QSR transactions because "the instruments reflecting those transactions were recorded in the public records of Zapata County on July 11, 2000."

its duty to present the entire record of the underlying trial in *Cody I*. *See Petro-Chem.*, 514 S.W.2d at 245.

**B.** *Cody I* **Must Be Overruled.**

"Although considerations of *stare decisis* would normally counsel against overruling an opinion of this court after such a short time, a clearly erroneous decision should be corrected." *Light v. Wilson*, 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring). A conclusion that a prior opinion is clearly erroneous does not necessarily require us to overrule that opinion in order to correct it. *See Borum*, 834 S.W.2d at 398–99 (recognizing that a prior opinion was clearly erroneous without overruling it). Here, however, we believe overruling *Cody I* is appropriate. An erroneous opinion that is not expressly overruled threatens to "cause[] some confusion regarding the issue" it purports to resolve. *Kingston v. Helm*, 82 S.W.3d 755, 760 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). As Cody's arguments on remand and in this appeal demonstrate, *Cody I* creates the impression that a bill of review petitioner can successfully challenge the evidentiary sufficiency of a judgment signed after a factfinding trial on the merits without presenting the full record of that trial. *Compare Petro-Chem.*, 514 S.W.2d at 246 (bill of review petitioner should submit the full record of the underlying trial "where needed in the consideration of the alleged errors), *and Pub., Inc.*, 264 S.W.3d at 341–42 (evidentiary challenge requires record of evidence the trial court considered), *with Cody I*, 513 S.W.3d at 543 (reviewing Cody's bill of review based on the truncated "summary judgment record"). This is not correct. While both Cody and BPL have invited us to resolve this appeal in ways that would leave *Cody I* intact, we believe doing so threatens to further muddle this State's already complicated bill of review jurisprudence. *See Ross*, 296 S.W.3d at 215; *see also* Roger S. Braugh, Jr. & Paul C. Sewell, *Equitable Bill of Review: Unraveling the Cause of Action That Confounds Texas Courts*, 48

BAYLOR L. REV. 623, 627 (1996) (noting that a "proliferation of inconsistent interpretations of bill of review precedent further obfuscates a somewhat complex area of law").

Our holding today is a recognition that the trial court correctly denied Cody's petition for bill of review, and that the subsequent proceedings—including the trial court's post-remand final judgment—never should have occurred. Because we have overruled the opinion that led to those proceedings, we also hold that the trial court's November 15, 2017 final judgment—including the portion setting aside the trial court's previous May 31, 2013 final judgment—must be vacated. Under the extraordinary circumstances of this case, we conclude that this result is "acceptable in equity." *Briscoe*, 102 S.W.3d at 719 (Jefferson, J., concurring); *see also Bryson*, 219 S.W.2d at 800.

## CONCLUSION

For the foregoing reasons, we overrule our December 14, 2016 opinion in appeal number 04-16-00078-CV, recall the mandate in that appeal, and permanently suspend enforcement of our December 14, 2016 judgment in that appeal. TEX. R. APP. P. 19.3; *Bryson*, 219 S.W.2d at 800. We vacate the trial court's November 15, 2017 final judgment and render judgment denying Cody's petition for bill of review.

Beth Watkins, Justice