# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00846-CV

---

**Paul Klocek and Maureen Klocek, Appellants**

**v.**

**J. Tomas Barrett and Cathleen A. Barrett, Appellees**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-006692, THE HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is a dispute between neighbors J. Tomas and Cathleen A. Barrett (the Barretts) and Paul and Maureen Klocek (the Kloceks) about easements. The Kloceks appeal the trial court's summary judgment in the Barretts' favor. We will affirm.

## BACKGROUND

The Barretts and the Kloceks are next-door neighbors in Travis County's Courtyard Subdivision, which borders Bull Creek to the east, Lake Austin to the south, and Loop 360 to the west. The Kloceks' property (Lot 14, Block B) does not have frontage on Bull Creek, but the Barretts' property (Lot 13, Block B) does. The back of the Barretts' property slopes downhill toward Bull Creek, where there are several boat docks owned by residents in the subdivision, including one owned by the Kloceks.

The Kloceks cannot access their boat dock from their own property.  To that end, the Kloceks have a 10-foot-wide access easement located along the eastern edge of the Barretts' property that allows them to reach Bull Creek and their boat dock.  This easement is included in the deed to their property (the Klocek deed), which they bought in 2017 from the Ayreses and references "the same tract reserved in instrument of record Volume 7595, Page 558, Real Property Records, Travis County, Texas."  That recorded document is the original 1981 deed from the Westover Hills Corporation to the Teggemans (the Teggeman deed), from whom the Barretts purchased their property in 2010.  It includes a paragraph describing this easement:

> Easement or Right-of-Way: It is, however, understood and agreed that out of the property hereby conveyed there is hereby accepted and reserved unto Grantors [Westover Hills], their heirs and assigns, as owners of Lot 14, Block B, adjacent to the herein conveyed property, the free and uninterrupted use, liberty and easement of passing in and along a certain passageway or access land across the said premises and located along the entire eastern boundary of the premises and providing access from Lot 14, Block B across the premises to connect with a Limited Use Easement of 0.130 acres granted to Lot 13, Block B (said passageway or access lane being more particularly described as Tract 2 on the attached Exhibit "A"), and to use such passageway or road at all times in common with Grantee [the Teggemans], his heirs and assigns.  Grantor does hereby covenant and agree to maintain the herein mentioned easement or right-of-way and shall be a burden and a benefit to the respective properties as set forth above.

The Kloceks' deed also includes a provision that states:

> It is understood and agreed that Grantors [the Ayreses] are not making and specifically disclaim, any warranties or representations or any kind or character, express or implied, with respect to the property and the easements.  Grantees [the Kloceks] have conducted such inspections and investigations of the property and easements as Grantee deemed necessary, including but not limited to, the physical and environmental conditions thereof and shall rely upon same; Grantees acknowledge and agree that Grantors have conveyed to Grantees and Grantees have accepted the property and easements in their current condition, "as is, where is" with all faults.  Grantees['] agreement to purchase the property and easements without representations and warranties was a material factor in determining the purchase price of the property and easements. [Capitalization omitted]

2

Soon after purchasing the Lot 13, Block B property in the early 1980s, the Teggemans constructed a retaining wall and flower bed, which includes two large, existing boulders that form part of the home's foundation, on the east side of the property. The retaining wall, flower bed, and boulders encroach approximately four to five feet into part of the easement[1] granted to Lot 14, Block B, now owned by the Kloceks. It is undisputed that this landscaping has not been significantly altered since the Teggemans first implemented the plan and that, consistent with the deed, the Teggemans and the Barretts have maintained the easement.

In mid-2020, the Kloceks told the Barretts that they intended to remove the retaining wall and flower bed so they could have access to all 10 feet of the easement's width at all points to transport various watercraft to their boat dock. The Barretts opposed those plans, arguing that this landscaping plan had been in place since the early 1980s and the trees in the flower bed provide privacy between the homes. The Barretts also had a professional engineer analyze potential modifications to the boulders or retaining wall, and his report concluded that any disturbance would negatively affect the foundation of their home. The parties were unable to resolve their disagreement, and in November 2021, when the Barretts were away from home, the Kloceks hired a landscaping crew to begin destroying the retaining wall and removing the trees in the flower bed. The Barretts returned home and stopped the work before it was complete, but the trees had been cut down and the retaining wall required structural repairs.

The following week, the Barretts sued the Kloceks. In their live pleading, the Barretts sought injunctive relief, damages, attorney's fees, and a declaration that the Kloceks' claims for the right to modify the landscaping in the easement are barred by, among other things,

---

[1] The Barretts estimate that the flower bed and retaining wall encroach for about 28 feet of the 146-foot-long easement.

3

a two-year statute of limitations. The Barretts also asserted an adverse-possession claim for the same property, but they later nonsuited that claim. In response, the Kloceks asserted declaratory judgment and trespass-to-try-title counterclaims.

Both the Barretts and the Kloceks moved for summary judgment. In their motion, the Barretts urged that (i) they adversely possessed the property bounded by the retaining wall and flower bed under Texas Civil Practice and Remedies Code Section 16.025; (ii) even if they have not adversely possessed the property, the statute of limitations to remove an encroachment into an easement is two years and had long passed; (iii) the Kloceks purchased their property with a deed that accepted "all easements in their current conditions" such that they waived any claim to remove the encroachment; (iv) the balance of equitable principles favor leaving the property as is; and (v) the Kloceks have unclean hands. The Barretts' summary-judgment evidence included Mr. Barrett's affidavit with attached photographs of the easement, the professional engineer's affidavit and report, and Ms. Ayres's affidavit, in which she attested that when she purchased the property in 1988, and until she sold the property to the Kloceks in 2017, "there existed a flower bed on the Barrett Property that protruded into the easement along the backside of the Barrett Property." Ms. Ayres attached to her affidavit photographs of the easement area, which she attested "show the flower bed as I remember it during the entire time I was an owner of the [] Property." These photographs show the same landscaping as in the photographs attached to Mr. Barrett's affidavit.

The Kloceks moved for summary judgment on their competing claims, arguing that as the easement's dominant tenant, they were entitled to a declaration that they may modify the easement by removing the landscaping and a permanent injunction providing the same. The Kloceks' summary-judgment evidence included their deed, the Teggeman deed, and Mr. Klocek's

4

affidavit that attached surveys, a photograph of the easement area, and excerpts from the Barretts' professional engineer's deposition.

In September 2023, the trial court granted the Barretts' summary-judgment motion with respect to any claim by the Kloceks to remove or destroy the retaining wall or anything enclosed between the retaining wall and the Barretts' house. In a letter ruling, the trial court explained that it found that the Kloceks were barred by a two-year statute of limitations from exercising any purported right to remove or destroy the retaining wall, flower bed, trees, or boulders. Likewise, the trial court denied the Kloceks' motion for summary judgment and dismissed their claims to modify any of the landscaping. The trial court also denied the Barretts' motion for summary judgment as it pertained to their adverse-possession claim, noting that such a claim must be brought through a trespass-to-try-title claim, not declaratory judgment. Though the Barretts amended their petition to add such a claim, they later nonsuited it.

While litigation proceeded, another dispute arose between the parties about the boundaries of their respective limited-use easements. These easements extend into Bull Creek and provide an area in which owners can build improvements, like a boat dock. Here, the parties discovered a conflict in the metes-and-bounds description of their deeds' respective limited-use easements. The discrepancy created a small area in which the Kloceks' limited-use easement overlaps with the Barretts' limited-use easement. The Barretts amended their petition to seek a declaration that the description in their deed is accurate and requested that the trial court reform the Kloceks' deed to reflect the same description. The parties filed competing motions for summary judgment on the issue. In the Barretts' motion, they traced the origin of their limited-use easement and its metes-and-bounds description to the 1981 Teggeman deed, which they attached as evidence. The Barretts' summary-judgment evidence also included the 1983 Mayfield

5

deed, from the Kloceks' predecessors in interest, which first set forth the conflicting metes-and-bounds description, as well as an email from the Kloceks' attorney initially agreeing that, given the "first in time, first in right" rule, "your clients' [limited-use easement] description would prevail if there was a dispute about it." The Kloceks' summary-judgment motion regarding the limited-use easement urged that, among other things, the Barretts' request for reformation was barred by limitations and the Barretts had relied on the metes-and-bounds description contained in the Kloceks' deed when building their boat dock and thus should be estopped from asserting otherwise. In June 2024, the trial court granted the Barretts' motion and denied the Kloceks'.

After a hearing on attorney's fees, the trial court entered final judgment that incorporated its September 2023 and June 2024 summary-judgment orders and granted the Barretts' request for attorney's fees. The Kloceks appeal.

## STANDARD OF REVIEW

We review the trial court's summary-judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "'When both parties move for summary judgment and the trial court grants one motion and denies the other, as here, we review both sides' summary judgment evidence and render the judgment the trial court should have rendered.'" *BCCA Appeal Grp. v. City of Houston*, 496 S.W.3d 1, 7 (Tex. 2016) (quoting *Southern Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013)). Traditional summary judgment is proper when the movant establishes that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

**DISCUSSSION**

In two issues on appeal, the Kloceks argue that the trial court erred in determining that they are not entitled to use their access easement in the manner they intend based on limitations and by reforming the Barretts' deed "based on alleged adverse possession."

In their first issue, the Kloceks argue that the trial court erred in its 2023 order granting the Barretts' summary-judgment motion based on limitations. They urge that they never sought judgment requiring the Barretts to remove any encroachments on their express easement but "simply wished to improve their express easement to make it free from obstacles that prevent the free and uninterrupted use of the easement as expressly intended in the Tegg[e]man and Klocek deeds – to use it as a roadway." The Barretts maintain that the trial court correctly ruled that limitations bars the Kloceks' claimed right to modify any of the easement's landscaping, including the retaining wall, flower bed, and boulders.

An action to prevent encroachment on a private easement may be barred by limitations. *Scott v. Babb*, 419 S.W.3d 531, 532 (Tex. App.—San Antonio 2013, no pet.). When a claim accrues is generally a legal question. *Provident Life & Accident Ins. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003). A claim for permanent damages to land has a two-year limitations period that accrues upon the discovery date of the first actionable injury.[2] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (providing two-year limitations period for "suit for trespass

---

[2] Neither the Kloceks nor the Barretts contend that the retaining wall, flower bed, or boulders are temporary injuries subject to a different limitations period. *See generally Yancy v. City of Tyler*, 836 S.W.2d 337, 340–41 (Tex. App.—Tyler 1992, writ denied) (discussing distinctions between permanent and temporary injuries to land and characterizing permanent injuries as "constant and continuous"); *see, e.g., Rocha v. U.S. Home/Homecraft Corp.*, 653 S.W.2d 53, 55–56 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.) (concluding retaining wall was permanent, not temporary, injury to land).

for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer"); *Scott*, 419 S.W.3d at 533–34. This is true even if damages have not yet occurred. *Krohn v. Marcus Cable Assocs.*, 201 S.W.3d 876, 879 (Tex. App.—Waco 2006, pet. denied) (quoting *Provident*, 128 S.W.3d at 221); *see Scott*, 419 S.W.3d at 534 ("Where a building or permanent structure is placed on a private easement, the limitations period on an action to abate the obstruction begins to run with the completion of the obstruction." (quoting *Auerbach v. Dallas Area Rapid Transit*, No. 05-94-01207-CV, 1995 WL 447530, at *3 (Tex. App.—Dallas July 26, 1995, writ denied) (not designated for publication))).

Here, uncontroverted summary-judgment evidence establishes that the landscaping plan, including the retaining wall, boulders, and flower bed, has been in place since at least as early as 1988 and has remained essentially unchanged. The summary-judgment evidence also establishes that the Kloceks knew about the landscaping in the easement when they purchased their home, and their deed expressly states that they accepted the easements "in their current condition, 'as is, where is' with all faults." *See Marcus Cable Assocs. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002) ("Unlike a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes."); *Cummins v. Travis Cnty. Water Control & Improvement Dist. No. 17*, 175 S.W.3d 34, 51 (Tex. App.—Austin 2005, pet. denied) ("The easement holder is only entitled to do what is 'reasonably necessary' to fairly enjoy the rights that were expressly granted, and if a purpose was not expressly provided for in the grant, it is not permitted."). Thus, the limitations period for the Kloceks' claim regarding encroachments on the easement has lapsed, and the trial court correctly concluded that such a claim is time-barred. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Scott*, 419 S.W.3d at 534. The caselaw that the

8

Kloceks cite in favor of their argument that they simply wish to improve their easement is inapposite because it concerns the complete obstruction of an access easement—unlike the circumstances here, where it is undisputed that the Kloceks regularly use the easement as intended, to reach Bull Creek—and does not implicate the statute of limitations. *Cf. Ferrara v. Moore*, 318 S.W.3d 487, 489–92 (Tex. App.—Texarkana 2010, pet. denied) (affirming injunction prohibiting appellant from restricting use of access easement with inaccessible gates and other obstacles). And though the Kloceks frame the issue as one of adverse possession, the trial court did not grant summary judgment based on the Barretts' adverse-possession argument, and the Barretts nonsuited their adverse-possession claim before final judgment. We overrule the Kloceks' first issue.

Next, the Kloceks argue that the trial court erred by reforming the Barretts' deed "based on alleged adverse possession" because the Barretts failed to meet the essential elements of an adverse-possession claim. But the trial court did not reform the Barretts' deed; it reformed the Kloceks' deed to reflect the metes-and-bounds description of the Barretts' limited-use easement. To the extent that the Kloceks intend to challenge the reformation of *their* deed regarding the limited-use easement "based on alleged adverse possession," that argument also fails because the Barretts did not move for summary judgment based on an adverse-possession claim to the limited-use easement, and nothing in the record indicates that the trial court reformed the Kloceks' deed based on the Barretts' alleged adverse possession. *See* Tex. R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Rogers v. Coslett*, 646 S.W.3d 1, 12 (Tex. App.—Texarkana 2022, no pet.) ("A summary judgment movant may not be granted judgment on a claim or cause of action not addressed in its motion." (citing *Black v. Victoria Lloyds Ins.*, 797 S.W.2d 20, 27 (Tex. 1990))). We overrule the Kloceks' second issue.

9

**CONCLUSION**

Having overruled all of the Kloceks' issues on appeal, we affirm the trial court's final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   August 6, 2025